USCA1 Opinion

 

 April 6, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1013 UNITED STATES, Appellee, v. ELLERTON P. WHITNEY, III, Defendant, Appellant.  ____________________ No. 95-1014 ELLERTON P. WHITNEY, III, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Boudin, Circuit Judges. ______________ ____________________ Ellerton P. Whitney, III on brief pro se. ________________________ Paul M. Gagnon, United States Attorney, and Peter E. Papps, First ______________ ______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant Ellerton P. Whitney appears __________ in this court for the fifth time in connection with his 1991 bank fraud conviction. He here appeals from the denial of a request for post-conviction relief--a request styled as a motion for new trial under Fed. R. Crim. P. 33 or, in the alternative, as a petition for relief under 28 U.S.C. 2255. For the following reasons, as well as those recited by the district court, we affirm. The instant request for relief was prompted by events occurring during Whitney's earlier appeal from his resentencing. Whitney notes that the government there, in addressing the amount of loss for purposes of calculating the offense level, argued that the district court could consider losses attributable to "uncharged loans" under the relevant conduct provision of the sentencing guidelines. See U.S.S.G. ___ 1B1.3. He also notes that we endorsed such a measure in our decision. See United States v. Whitney, 21 F.3d 420, ___ ______________ _______ slip op. at 5 (1st Cir. 1994) (per curiam) (table) ("Especially considering that additional losses resulted from uncharged conduct that was part of a common scheme or plan,... we find no error in the court's [loss] determination."). In the belief that neither the presentence report (PSR) nor the district court had made any reference to uncharged relevant conduct, Whitney infers that the government's (and this court's) reference pertained to the subsequent CRB and FCB loans. From this premise, he proceeds to conclude, inter alia, that: (1) this court "by clear __________ implication" found him not liable for "61.4% of the conduct for which he was specifically accused, tried, convicted, and twice sentenced," Brief at 9-10; (2) his conviction was thus improperly based on charges not appearing in the indictment; and (3) the government's eleventh-hour admission of these facts constitutes misconduct warranting dismissal of the indictment, or at least "new evidence" warranting a new trial. Whitney's premise is wrong. The PSR did, in fact, refer to uncharged relevant conduct (apart from the CRB and FCB loans). See PSR 40 ("Nor does the figure above [referring ___ to the losses specified in the indictment] reflect an approximately $100,000 loss to the Dartmouth Bank as part of the same scheme presented earlier in this report."). The district court specifically incorporated this amount in its loss calculations. See 4/27/93 Order at 3; 4/26/93 ___ Transcript at 86. And the reference to "uncharged conduct" in our earlier opinion was made with the Dartmouth Bank loss in mind. In any event, Whitney's complaint here is little more than a rehash of his "variance" argument that has been rejected by this court on two previous occasions. See United ___ ______ States v. Whitney, supra, slip op. at 2-3, 4-5 (rejecting, ______ _______ _____ largely on "law of the case" grounds, the allegation that "the three loans charged in the indictment actually consisted -3- of some seven or more, and that the jury permissibly could have convicted him on only a portion thereof"); United States _____________ v. Whitney, 991 F.2d 786, slip op. at 4 (1st Cir. 1993) (per _______ curiam) (table) (finding no plain error with respect to allegation that "the evidence showed different fraudulent loans than those charged in the indictment"). Issues disposed of in a prior appeal, of course, will not be reviewed again by way of a 2255 motion. See, e.g., ___ ____ Singleton v. United States, 26 F.3d 233, 240 (1st Cir.), _________ _____________ cert. denied, 115 S. Ct. 517 (1994). We also observe, _____________ contrary to Whitney's suggestion, that our decision in United ______ States v. Lilly, 983 F.2d 300 (1st Cir. 1992), does not ______ _____ constitute "supervening" law, but rather was issued one month prior to oral argument in his initial appeal. Affirmed. _________ -4-